Prior to April 20, 1888, plaintiff was appointed inspector of masonry on the Aqueduct works, in the city of New York. On April 20,1888, he was suspended for neglect of duty. He was reinstated June 6th, following. On November 28, 1888, he was again suspended, owing to lack of work. He was again put to work February 2, 1889, and continued until July 1, 1889, when he was again suspended. On February 12, 1890, he was dismissed. During the intervals between April 20, 1888, and June 6,1888, and between November 28,1888, and February 2, 1889, and between July 1, 1889, and February 12, 1890, he received no pay. He brought this action to recover the salary for the periods of his suspensions. On the 23d day of January, 1889, he entered into an agreement in writing with the mayor, etc., of New York city whereby he agreed, among other things, that if he should be suspended or discharged for any cause whatever his pay should cease from and after the time of such suspension, subject to the direction of the aqueduct commissioners. Plaintiff contended on the appeal that he was entitled to his salary notwithstanding the suspensions. Defendant contested this, and contended that at all events he could not recover during the periods of suspension following the agreement of January 23, 1889. Plaintiff contested this claim. The Court (per Curiam) held, on the authority of Mullen v. The Mayor, etc., 58 Hun 605, that the bare fact of suspension did not deprive plaintiff of his right to salary; but held that by force of ■ the agreement of January 23, .1889, he was precluded from claiming any salary during the periods of suspension following that date; and sustained the exceptions and ordered a new trial, with costs to abide the event.